RECEIVED MAR 23 2009

RECEIVED OFFICE OF
DAVID HAYES
MAR 2 3 2009
VICE PRESIDENT AND
GENERAL COUNSEL



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>TOM W DE PRIEST JR | Case Number: 09SL-CC00856 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICK M THATCHER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS ODENEAL FALB<br>603 HENRY STREET<br>ALTON, IL 62002 |
| Defendant/Respondent:<br>TRANS STATES HOLDINGS LLC<br>DBA: GOJET AIRLINES | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  TRANS STATES HOLDINGS LLC
                          Alias:
                          DBA:  GOJET AIRLINES
11495 NATURAL BRIDGE ROAD      SERVE:  REGISTERED AGENT
SUITE 340                      RICHARD A LEACH
BRIDGETON, MO  63044



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

13-MAR-2009                          _____
   Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____        _____
   Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).

My commission expires: _____  _____
                              Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons                       $_____
Non Est                       $_____
Sheriff's Deputy Salary
Supplemental Surcharge        $___10.00___
Mileage                       $_____ (_____ miles @ $._____ per mile)
Total                         $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document Id # 09-SMCC-3677      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

RECEIVED MAR 2 3 2009

RECEIVED OFFICE OF
DAVID HAYES
MAR 2 3 2009
VICE PRESIDENT AND
GENERAL COUNSEL

09SL-CC000856

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| PATRICK M. THATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TRANS STATES HOLDINGS, LLC, | ) | |
| d/b/a GOJET AIRLINES, | ) | |
| c/o Registered Agent Richard A. Leach | ) | |
| 11495 Natural Bridge Road, Suite 340 | ) | |
| Bridgeton, MO 63044 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

Now comes Plaintiff, PATRICK M. THATCHER, by and through his attorney, Thomas O. Falb, of the law offices of Williamson, Webster, Falb & Glisson and for his Petition for Damages against the Defendant, TRANS STATES HOLDING, LLC d/b/a GOJET AIRLINES, states as follows:

1. That at all times mentioned herein, Trans States Holdings, LLC, was a corporation doing business in Missouri.

2. That at all times mentioned herein, GoJet Airlines, Inc. was a corporation doing business in Missouri.

3. That at all times mentioned herein, Defendant employed more than 100 employees.

4. That at all times mentioned herein, said Defendant was governed by the Missouri Human Rights Act, Chapter 213, RSMO (2000).

5. That during the months of April and May, 2008, Plaintiff was employed by said Defendants.

6. That during this period of time the Defendant, by and through its agents and/or employees violated the Missouri Human Rights Act in 213.055 in the following respects:

A. That Plaintiff was male;

B. That Plaintiff was qualified for the job he held and was performing his work satisfactorily;

C. That Defendant discriminated against the Plaintiff on the basis of his sex in that Defendant treated Plaintiff differently from females;

D. That a female had made a complaint to Defendant, which was false, alleging that Plaintiff had made sexual comments;

E. That when Plaintiff was informed of these false allegations, Plaintiff requested a copy of the written complaint by the female;

F. That Defendant refused to give Plaintiff a copy of the same and told Plaintiff that he would be immediately terminated if he would make a copy of said written complaint;

G. That Plaintiff then requested a full investigation regarding these allegations and requested that said investigation be done pursuant to State and Federal anti-discrimination requirements;

H. That Defendant refused to do any investigation;

I. That Defendant placed the written complaint, which was false, in Plaintiff's personnel file, contrary to Plaintiff's request that the same not be done;

J. That Defendant gave credence to these alleged allegations against Plaintiff when there was no basis for the same;

K. That Defendant then prohibited Plaintiff from effectively doing his job in that Defendant ordered the Plaintiff not to go in to the recruiting department where this incident allegedly took place or have contact with anyone in the recruiting department;

L. That during this time, Plaintiff was in need of use of the recruiting department in that he was required to get additional help for his department;

RECEIVED MAR 2 3 2009

M.  That as a result, Plaintiff was unable to do his work effectively and Plaintiff was forced to do more work because he could not get any additional employee through the recruiting department;

N.  That Plaintiff was told by the Defendant not to talk to anyone in the company concerning the false allegations;

O.  That Defendant failed to counsel or discipline the female that made these false allegations;

P.  That Defendant failed to counsel or discipline the other females involved in the alleged conversation;

Q.  That Defendant caused a hostile work environment for Plaintiff when Defendant wrongfully assumed that the aforesaid allegations against Plaintiff were true and punished Plaintiff for the false wrongdoing which never took place, prohibiting him from doing his work effectively, causing Plaintiff to work under pressure without assistance because he was unable to recruit help;

R.  That Defendant humiliated and embarrassed Plaintiff in that Defendant, instead of fairly investigating the allegations of sexual discrimination, investigated Plaintiff's email background when said email background had nothing to do with this incident and Defendant attempted to discover any and all evidence of wrongdoing that Plaintiff may have ever done, having nothing to do with this false allegation by a female;

S.  That on a daily basis, Plaintiff's supervisors would verbally harass Plaintiff about the unfounded allegations against Plaintiff;

T.  That Defendant required Plaintiff to put in longer hours and have an increased workload;

U.  That Defendant prohibited Plaintiff from contacting anyone in the recruiting department when it was necessary for Plaintiff to do the same in order to have help to do his job;

V.  That Defendant required Plaintiff to do his own recruiting to gain assistance in doing his work because he was not allowed to contact the Recruiting Department;

W.  That Defendant ordered Plaintiff not to discuss these matters with anyone in the company when it was obvious that many individuals in the company were aware of the allegations against the Plaintiff;

X. That Defendant was guilty of retaliation when Plaintiff requested investigation pursuant to State and Federal anti-discrimination rules in response to Plaintiff's claim that he was being discriminated against because he was a male;

Y. That said retaliation was as follows: first, instead of doing an investigation, objectively and promptly, Defendant threatened Plaintiff by stating that if he did not go along with counseling for this alleged event then Defendant would punish Plaintiff by bringing out emails from Plaintiff's computer from Plaintiff's entire career showing that he had improper emails on his computer, said emails having absolutely nothing to do with the false allegations by this female;

Z. That instead of investigating the incident fairly, Defendant proceeded to search out any and all evidence pertaining to Plaintiff to use against Plaintiff if Plaintiff pursued his request for an investigation;

AA. That Defendant humiliated and embarrassed Plaintiff; and

BB. That Defendant caused Plaintiff to be constructively discharged because of the aforementioned hostile and intolerable work environment as set forth in the above-mentioned paragraphs, causing Plaintiff to resign on May 23, 2008.

7. That as a proximate result of the aforesaid violations of the Missouri Rights Act, the Plaintiff suffered: pain and suffering, loss of enjoyment of life, humiliation, embarrassment, lost wages and benefits, and in the future will continue to suffer these losses and attorney fees in pursuit of this action, costs and interest.

Wherefore, for the above-stated reasons, Plaintiff prays for Judgment against the Defendant for actual and punitive damages in excess of the minimum jurisdictional requirement for a circuit court in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest, attorneys' fees and costs as well as any and all equitable relief including job reinstatement and any and all other relief that this Court deems proper and applicable.

RECEIVED MAR 2 3 2009

**NOTE: PLAINTIFF DEMANDS A TRIAL BY JURY FOR THIS CAUSE OF ACTION**

PATRICK M. THATCHER, Plaintiff

BY: _____
THOMAS O. FALB - #34598
Williamson, Webster, Falb & Glisson
Attorneys at Law
603 Henry Street.
Alton, IL 62002
Telephone: (618) 462-1077
Facsimile: (618) 462-1080